IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

FILED
NOV X 5 2007
Nov. 5, 2007
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

| | |
|---|---|
| HATTIE KING, | ) |
| Plaintiff, | ) |
| vs. | ) 07cv6256 |
| CREDIT SOLUTIONS CORPORATION, | ) JUDGE COAR |
| | ) MAG. JUDGE DENLOW |
| Defendant. | ) |

## COMPLAINT

### I. Preliminary Statement

1. This is an action for damages brought by an individual consumer against the Defendant for violations of the Fair Credit Reporting Act (hereafter the "FCRA"), 15 U.S.C. §1681 *et seq.*, *as amended* and violations of the Fair Debt Collection Practices Act (hereafter the "FDCPA"), 15 U.S.C. § 1692.

### II. Jurisdiction and Venue

2. Jurisdiction of this Court arises under 15 U.S.C. § 1681p, 28 U.S.C. §§ 1331, 1337. Venue lies properly in this district pursuant to 28 U.S.C. § 1391(b).

### III. Parties

3. Plaintiff, Hattie King, is an adult individual and citizen of the State of Illinois.

4. Defendant, Credit Solutions Corporation ("Defendant") is a business entity that regularly conducts business in the State of Illinois and is a corporation whose principal place of business is located in the State of California.

5. At all relevant times herein, Defendant acted as a debt collector within the meaning of 15 U.S.C. § 1692a(6) in that it held itself out to be a company collecting a debt allegedly owed to AT&T.

6. Defendant has been providing derogatory and inaccurate statements and information relating to Plaintiff and Plaintiff's credit history to various credit reporting agencies. Defendant is aware that the credit reporting agencies to whom it is providing this information is going to disseminate this information to various other persons or parties who will be reviewing this information for the purpose of extending credit, insurance or employment.

7. The inaccurate information of which Plaintiff complains is an account, or trade-line, that reflects Plaintiff's history of credit with the Defendant. Specifically, the Plaintiff asserts that the collection account reported on her credit file by Credit Solutions Corporation collecting on behalf of AT&T, does not belong to Plaintiff and should be removed from her credit file. Despite providing Defendant with notice to the contrary, Defendant has disseminated information that the account is reported accurately as belonging to Plaintiff.

8. The inaccurate information negatively reflects upon the Plaintiff, Plaintiff's credit repayment history, Plaintiff's financial responsibility as a debtor and Plaintiff's credit worthiness.

9. The credit reports have been and continue to be disseminated to various persons and credit grantors, both known and unknown.

10. In August of 2007, Plaintiff disputed the inaccurate information by written communication to its representatives and by following the aforementioned reporting agency's established procedure for disputing consumer credit information.

11. Upon information and belief, within five (5) days of Plaintiff notifying the aforementioned credit reporting agency, said agency notified Defendant of Plaintiff's dispute and the nature of the dispute.

12. Defendant then and there owed to Plaintiff a duty to assist the credit reporting agency in a re-investigation into the disputed facts that are being reported about Plaintiff.

13. Notwithstanding Plaintiff's efforts and Defendant's duties, Defendant continued publishing the inaccurate information and Defendant continued to publish and disseminate such inaccurate information to other credit reporting agencies.

14. Despite Plaintiff's efforts to date, Defendant has nonetheless deliberately, willfully, intentionally, recklessly and negligently repeatedly failed to perform reasonable reinvestigations of the above disputes as required by the FCRA, has failed to remove the inaccurate information, has failed to note the disputed status of the inaccurate information and has continued to report the derogatory inaccurate information about Plaintiff.

15. Plaintiff has been damaged, and continues to be damaged, in the following ways:

   a. Out of pocket expenses associated with disputing the information only to find the information to remain on the credit report;

   b. Emotional distress and mental anguish associated with having incorrect derogatory personal information transmitted about Plaintiff to other people both known and unknown;

   c. Decreased credit score which may result in inability to obtain credit on future attempts.

16. At all times pertinent hereto, Defendant was acting by and through its agents, servants and/or employees who were acting within the course and scope of their agency or employment, and under the direct supervision and control of Defendant herein.

17. At all times pertinent hereto, the conduct of Defendant, as well as that of its agents, servants and/or employees, was malicious, intentional, willful, reckless, and in grossly negligent disregard for federal and state laws and the rights of Plaintiff herein.

### IV.   Allegations
### COUNT ONE
### VIOLATIONS OF FCRA v.  CREDIT SOLUTIONS CORPORATION

18. Plaintiff re-alleges and incorporates paragraphs 1 – 17 as if fully set forth herein.

19. At all times pertinent hereto, the Plaintiff was a "consumer" as that term is defined by 15 U.S.C. § 1681a(c).

20. At all times pertinent hereto, the above-mentioned credit reports were "consumer reports" as that term is defined by 15 U.S.C. § 1681a(d).

21. At all times pertinent hereto, this Defendant was a "person" as that term defined by 15 U.S.C. § 1681a(b).

22. This Defendant violated sections 1681n and 1681o of the FCRA by engaging in the following conduct that violates 15 U.S.C. § 1681s-2(b):

(a) willfully and negligently failing to conduct an investigation of the inaccurate information that Plaintiff disputed;

(b) willfully and negligently failing to review all relevant information concerning Plaintiff's account provided to this Defendant;

(c) willfully and negligently failing to report the inaccurate status of the inaccurate information to all credit reporting agencies;

(d) willfully and negligently failing to properly participate, investigate and comply with the reinvestigations that were conducted by any and all credit reporting agencies concerning the inaccurate information disputed by Plaintiff;

(e) willfully and negligently continuing to furnish and disseminate inaccurate and derogatory credit, account and other information concerning the Plaintiff to credit reporting agencies and other entities despite knowing that said information was inaccurate;

(f) willfully and negligently failing to comply with the requirements imposed on furnishers of information pursuant to 15 U.S.C. § 1681s-2.

23. This Defendant's conduct was a direct and proximate cause, as well as a substantial factor, in causing the injuries, damages and harm to Plaintiff that are outlined more fully above, and as a result, Defendant is liable to compensate Plaintiff for the full amount of statutory, actual and punitive damages, along with attorneys' fees and costs, as well as such other relief permitted by law.

## COUNT TWO
## VIOLATIONS OF FCRA v. CREDIT SOLUTIONS CORPORATION

24. Plaintiff re-alleges and incorporates paragraphs 1 – 23 as if fully set forth herein.

25. At no time on or prior to August of 2007 did Plaintiff have a credit account or loan with Defendant. In addition, Plaintiff had not applied with Defendant for the purposes of obtaining credit or insurance or applying for employment and Plaintiff sent a dispute letter to Defendant specifically stating the account did not belong to her.

26. On August 23, 2007, despite knowing that the facts in paragraph 25 above, Defendant accessed Plaintiff's credit files and information impermissibly and through the use of false pretenses, without Plaintiff's consent or knowledge, without legitimate business reason to do so and then never informed Plaintiff of these illegal and impermissible accesses.

27. The aforementioned conduct is a violation of 15 U.S.C. § 1681b. As a result of the conduct of Defendant, Plaintiff has suffered actual damages in the form of financial and dignitary harm arising from the injury to credit rating and reputation, as well as an invasion of

Plaintiff's privacy, and Plaintiff will continue to suffer the same for an indefinite time in the future, all to Plaintiff's great detriment and loss.

## COUNT THREE
## VIOLATIONS OF THE FDCPA v. CREDIT SOLUTIONS CORPORATION

28. Plaintiff re-alleges and incorporates the foregoing paragraphs as though the same were set forth at length herein.

29. In August of 2007, Plaintiff accessed her credit file with Trans Union, LLC and discovered a collection account reported by Defendant collecting for AT&T.

30. Plaintiff immediately contacted the credit reporting agency to dispute the account as she never received a debt collection letter from Defendant and never maintained an account with AT&T.

31. In September of 2007, the account was verified as reported and despite being contacted by Plaintiff directly and being told the account did not belong to Plaintiff, Defendant failed to mark the account as "Disputed by the Consumer."

32. To date, Plaintiff has never received an initial debt collection letter from Defendant and Defendant has continued to try to collect the debt from Plaintiff and accessed Plaintiff's credit file.

33. In its attempts to collect the aforementioned debt, the Defendant violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 in one or more of the following ways:

    a. Communicated or threatened to communicate to any person credit information which is known or which should be known to be false, including the failure to communicate that a disputed debt is disputed in violation of 15 U.S.C. § 1692e(8); and

    b.    Failed to send an initial communication within five days of the initial communication, a written notice containing the required information pursuant to the Fair Debt Collection Practices Act in violation of 15 U.S.C. § 1692g.

34.    As a result of Defendant's violations as aforesaid, Plaintiff suffered and continues to suffer personal humiliation, embarrassment, mental anguish and emotional distress.

### V. Jury Trial Demand

35.    Plaintiff demands trial by jury on all issues so triable.

### VI. Prayer For Relief

WHEREFORE, Plaintiff, HATTIE KING, seeks judgment in Plaintiff's favor and damages against the Defendant, based on the following requested relief:

(a)    Actual damages;

(b)    Statutory damages;

(c)    Punitive damages;

(d)    Costs and reasonable attorney's fees pursuant to 15 U.S.C. §§ 1681n, 1681o;

(e)    Such other and further relief as may be necessary, just and proper.

Respectfully Submitted,
HATTIE KING

By: _____
Attorney for Plaintiff

LARRY P. SMITH & ASSOCIATES, LTD.
Attorneys For Plaintiff
205 North Michigan Avenue, 40th Floor
Chicago, Illinois 60601
Ph: (312) 222-9028
Fax: (312) 602-3911

7